**SPRAIN BROOK MANOR NURSING HOME, LLC, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

**New York Health & Human Services Union 1199/SEIU, Intervenor.**

Nos. 06–1347, 06–1376.

United States Court of Appeals, District of Columbia Circuit.

Nov. 14, 2007.

Carmelo Grimaldi, Kaufman, Schneider & Bianco, LLP, Woodbury, NY, for Petitioner.

Aileen A. Armstrong, Deputy Associate General Counsel, David S. Habenstreit, Jeffrey Lawrence Horowitz, National Labor Relations Board, General Counsel, Washington, DC, for Respondent.

Ellen Dichner, Gladstein, Reif & Meginniss, New York, NY, for Intervenor.

Before: HENDERSON and TATEL, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## *JUDGMENT*

This case was considered on the record from the National Labor Relations Board and on the briefs filed by the parties pursuant to D.C. Circuit Rule 34(j). It is

**ORDERED** and **ADJUDGED** that the petitions for review be denied and the cross-applications for enforcement be granted. Petitioner Sprain Brook Manor Nursing Home, LLC disputes an NLRB certification decision. On each objection, an administrative law judge found the petitioner failed to carry its evidentiary burden for invalidating election results, and the Board agreed. The Board and ALJ explained their findings, which substantial evidence supports. Credibility determinations adopted by the Board receive particular deference. *Cadbury Beverages, Inc. v. NLRB,* 160 F.3d 24, 28 (D.C.Cir.1998). Moreover, we give the Board "an especially 'wide degree of discretion'" on questions of representation. *Canadian Am. Oil Co. v. NLRB,* 82 F.3d 469, 473 (D.C.Cir.1996) (quoting *NLRB v. A.J. Tower Co.,* 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322 (1946)). For these reasons, the Board's certification of the union as the exclusive bargaining representative was proper and well within its considerable discretion.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.